**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 1423, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL, Respondent.**

No. 15959.

United States Court of Appeals Fifth Circuit.

Feb. 1, 1957.

Samuel M. Singer, Atty. N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., David P. Findling, Assoc. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

L. N. D. Wells, Jr., Dallas, Tex., Francis X. Ward, Indianapolis, Ind., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

On rehearing respondent insists that the Court erred in holding, by implication, that where respondent presents no evidence, *but rests its case after denial of motion to dismiss,* the Board may place upon it the burden of disproving the discrimination alleged. We think it apparent from our original decision that the ruling complained of[1] was upheld in reliance upon the Trial Examiner's statement in the *printed record,* the Board's apparent assumption in adoption of his report, and the Board's argument in brief, that it was referable only to the appropriate inferences to be drawn from respondent's failure to adduce any evidence, i. e., when testing the sufficiency of the General Counsel's proof upon the formal motion to dismiss.[2] However, since a re-examination of this issue leaves us in considerable doubt as to whether the rule was properly applied only to the motion to dismiss, rather than improperly to an appraisal of the evidence on the merits, the paragraph complained of (footnote 1, *supra*) and the footnotes thereto are hereby withdrawn. This deletion is intended to avoid any possible implication

---

1. "Finally, we also reject respondent's insistence that the trial examiner and Board improperly placed upon it the burden of disproving the discrimination alleged. The remarks complained of, considered in context,[13] were clearly referable to the appropriate inferences to be drawn in ruling upon the respondent's motion to dismiss for insufficiency of the General Counsel's proof, and as so applied were correct.[14]" (Footnotes 13 and 14 omitted)

2. For example, in its reply brief the Board argued:

"Contrary to respondent's contention, the Trial Examiner applied this test solely to the formal motion to dismiss. He did not apply it to the appraisal of the evidence on the merits."

from the language used that we intended to displace the conventional rule as to the burden of proof on the merits being upon the General Counsel. See N.L.R.B. v. McGahey, 5 Cir., 233 F.2d 406, 413. But we do not think that any implications from the statements complained of are sufficient to warrant denial of enforcement or remand where, as here, both the Trial Examiner and Board expressly based their findings "upon the entire record," and certainly this Court predicated its enforcement of the order as based upon findings supported by substantial evidence on the record considered as a whole. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

With the deletion in the opinion noted, respondent's petition for rehearing is hereby

Denied.